STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC

PAMELA SCARLATELLI, )
Plaintiff )
v. ) C.A. NO. 06- 0788
)
SWARVOSKI NORTH AMERICA LIMITED; SWAROVSKI OPTIK NORTH AMERICA LIMITED; SWAROVSKI OPTIK ABSAM; DAVID HIMSEY, INDIVIDUALLY AND IN HIS CAPACITY AS VICE PRESIDENT OF HUMAN RESOURCES FOR BOTH SWAROVSKI OPTIK NORTH AMERICA AND SWAROVSKI NORTH AMERICA LIMITED; WERNER TRATTNER, INDIVIDUALLY AND AS MANAGING DIRECTOR OF INTERNATIONAL SALES AND MARKETING FOR SWAROVSKI OPTIK ABSAM,AUSTRIA, AND AS SUPERVISOR/MANAGER OF M. JAMES "JIM" MOREY; AND M. JAMES MOREY, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SWARVOSKI OPTIK NORTH AMERICA LIMITED. )

## COMPLAINT

## NATURE OF CASE

1. This action seeks declaratory and injunctive relief, attorney's fees and other litigation expenses and other equitable relief, including, but not limited to, compensatory and punitive damages, to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her sex, in violation of The Rhode Island Fair Employment Practices Act, R.I.G.L. §§ 28-5-1 et seq., the Rhode Island Civil Rights Act, R.I.G.L. §§42-112-1 et seq.,

N:\Clients\Scarlatelli\Complaint
8/012706/8

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 FEB -8 P 2:05

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

and The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., and 42 U.S.C. 1985.

## JURISDICTION

2. This Court has jurisdiction over the Plaintiff's claims under the Rhode Island Civil Rights Act, §§42-112-1 et seq., the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-24.1, the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. 1985.

3. Plaintiff's damages are sufficient to vest jurisdiction in this Court.

## PARTIES

4. The Plaintiff, Pamela Scarlatelli ("Scarlatelli"), is a resident of the City of Cranston, County of Providence, State of Rhode Island.

5. At all times relevant to this Complaint, the Plaintiff was an employee of the Defendant, Swarovski Optik North America Limited (hereinafter referred to as "SONA").

6. At all times relevant to this Complaint, Scarlatelli was a party to an employment contract with Defendant, SONA. Plaintiff was employed by SONA as Senior Manager, Communications/Industry Relations.

7. The Defendant, SONA, an entity qualified to conduct business in the State of Rhode Island, operates an office at 2 Slater Road, Cranston, Rhode Island.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

8. Throughout Scarlatelli's employment with Defendant SONA, SONA employed fifteen or more persons. Therefore, Defendant SONA was an employer within the meaning of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. SONA was a party to an employment contract with Plaintiff pursuant to Rhode Island Civil Rights Act, R.I.G.L. §42-112-1 et seq. Additionally, SONA was an employer pursuant to the Rhode Island Fair Employment Practices Act § 28-5-6.

9. Defendant Swarovski North America Limited, (hereinafter referred to as "SNAL"), employed fifteen or more persons, and was an employer within the meaning of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Additionally, SNAL was an employer pursuant to the Rhode Island Fair Employment Practices Act § 28-5-6.

10. Defendant Swarovski Optik Absam (hereinafter referred to as "SOA") employed fifteen or more persons, and was an employer within the meaning of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Additionally, SOA was an employer pursuant to the Rhode Island Fair Employment Practices Act § 28-5-6.

11. At all times relevant to this Complaint, Defendant, M. James Morey was a resident of the State of Rhode Island.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



N:\Clients\Scarlatelli\Complaint
8/012706/8

12. At all times relevant to this Complaint, Defendant, M. James Morey was an employee of SONA.

13. At all times relevant to this Complaint, Defendant, David Himsey was an employee of SNAL.

14. At all times relevant to this Complaint, Defendant, Werner Trattner, was an employee of SOA, and the supervisor of M. James Morey.

15. At all times relevant to this Complaint, Defendant SONA was a wholly-owned subsidiary of SNAL.

16. At all times relevant to this Complaint, Defendant companies SOA, SONA, and SNAL, were managed by a single board of directors. Defendants M. James Morey and Werner Trattner were members of the SONA board of directors.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. Plaintiff filed a charge of discrimination against the Defendants with the Rhode Island Commission for Human Rights ("RICHR") and the Equal Employment Opportunities Commission ("EEOC") on or about June 15, 2005, complaining of the acts of sex discrimination herein alleged.

18. For purposes of The Civil Rights Act of 1964, more than 180 days elapsed from the filing of the charge

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

before the Plaintiff filed a Request for Notice or Right to Sue with the EEOC.

19. The EEOC issued a Notice of Right to Sue to Plaintiff on the charges against the Defendants on February, 1, 2006. This complaint was filed within ninety (90) days of the date that the EEOC issued its Right to Sue Notice.

20. The Rhode Island Commission for Human Rights (hereinafter "RICHR") issued a Notice of Right to Sue to Plaintiff on the Fair Employment Practices Act charges against the Defendants on January 19, 2006.

21. The Rhode Island Civil Rights Act, R.I.G.L. §§42-112-1 et seq. does not require an exhaustion of administrative remedies.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22. On November 8, 1993 the Defendant, SONA, hired the Plaintiff to work as an employee as a full-time sales representative of sporting optics.

23. At that time, the defendant, M. James Morey, was one of the Plaintiff's direct supervisors.

24. In the year 2000, Plaintiff's direct supervisor, M. James Morey, began to make discriminatory and harassing remarks around and to the Plaintiff. For example, in 2000,

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

a female job applicant was at SONA for an interview. Morey entered Plaintiff's office for an unannounced visit, shut the door behind him, and stated "Don't you think that these outdoor writers would rather go hunting with someone who looks like (the woman) than crusty old (male employee's name)? Let's face it. Sex sells."

25. Beginning in 2000, when Plaintiff's position began to require her to go on important company-sponsored hunting trips with important clients, Defendant Morey touched and fondled Plaintiff while on these hunting trips. Defendant Morey's conduct toward Plaintiff was unwelcome. In addition to suffering Defendant Morey's physical harassment, Plaintiff was subjected to ridicule by her co-employees and to a hostile work environment as a result of Defendant Morey's actions.

26. Attending national and international conventions was an integral part of Plaintiff's duties in sales and marketing at SONA. In August of 2001, Plaintiff and Defendant Morey were at a convention in Rochester, New Hampshire called the "Writer's Event." During this convention, Defendant Morey followed Plaintiff and kept Plaintiff in constant contact with him. On two occasions during this convention, Defendant Morey aggressively pursued her, hugged Plaintiff against her will, and on one

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

occasion after being re-buffed, grabbed Plaintiff, in an attempt to force Plaintiff to kiss him. Defendant Morey further humiliated Plaintiff at the same convention when he insisted that the men at a gathering of clients notice how the length of Plaintiff's toes evidenced her Native American heritage. Defendant's actions and comments toward Plaintiff were unwelcome.

27. By allowing Defendant Morey's conduct at SONA to continue unabated, Plaintiff was subjected to a sexually hostile work environment of a physical and verbal nature that was unwelcome by Plaintiff.

28. The aforementioned conduct by Defendant Morey was unwelcome and personally offensive to the Plaintiff and would have been offensive to a reasonable person in Plaintiff's position. Other offensive conduct by Morey included, but is not limited to, the following:

a. In March 2002, while at a business convention in Las Vegas, the Safari Club International Show, Morey invited Plaintiff at the last minute to a dinner for clients. Morey told Plaintiff that her presence was needed because, "It's always good to have an attractive female in the mix…" Morey further instructed Plaintiff to wear "a skirt or dress."

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

b. In February 2003, at the SHOT Show in Orlando Florida, Morey asked Plaintiff about a man she was dating and commented that he was "too young."

c. In April 2003, at the NRA show, in Pittsburgh, Pennsylvania, Morey solicited Plaintiff to join him in his hotel room for a "nightcap."

d. In August 2003, at the Rutland Waters Bird Fair in London, England, Morey followed Plaintiff around to the extent that Plaintiff's co-employees and business associates commented that Morey was her "shadow."

e. In March 2004, Plaintiff and her co-workers attended the IWA Show, a convention in Nuremberg, Germany. Plaintiff and her co-workers traveled in a cramped vehicle to the hotel for a meeting. At the meeting, Plaintiff and her co-workers observed Morey and a "girlfriend" make sexually lewd remarks. Morey and his "girlfriend" also touched one another in a sexually provocative manner. When Plaintiff attempted to leave the meeting, Defendant Morey followed her. Morey whispered in Plaintiff's ear that he and his girlfriend were playing a game, and that "[his girlfriend] has her own little agenda. She

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

doesn't realize that I know exactly what she's up to." He then stated to the Plaintiff, "If you play your cards right, I can make you one of the most powerful women in this industry. Just stick by my side."

f. In March 2004, after business meetings at The Hall in Tirol, Austria, Morey entered Plaintiff's hotel room at the Hotel Goldener-Engl under the pretense of looking for a product sample. Morey instead insisted that Plaintiff have a glass of wine with him.

g. In August 2004, at a company outing on the Bay Queen, on Narragansett Bay in Rhode Island, Morey pursued Plaintiff, sat closely next to her and pushed her up against a wall. When Plaintiff left her seat to go on deck, Morey followed her and remained by her side for the rest of the evening.

29. Defendant Morey's continual sexual harassment of Plaintiff in the office and on business trips was noticed and observed by co-employees and human resources personnel. Plaintiff's subordinates, and members of Plaintiff's human resources office, spread, or were allowed to spread, rumors that Plaintiff had a sexual relationship with Defendant Morey. Defendants' human resources personnel did nothing,

True copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

to investigate or remedy the problem, despite Plaintiff's reports and statements that Morey's conduct was unwelcome.

30. The non-discrimination policy in the employee handbook utilized by SONA in 2001 and at all times relevant to this complaint, provides that verbal complaints will be investigated and acted upon.

31. Defendant Morey was President of SONA at all times relevant to the complaint. Defendant Morey stated on several occasions that he did not want Defendant David Himsey, the Executive Vice President of Human Resources in the United States, to be informed of any human resources problems at SONA. Plaintiff feared that if Defendant Morey learned that she reported his conduct, Morey would likely retaliate by terminating Plaintiff's employment.

32. Plaintiff verbally reported Defendant Morey's unwelcome sexual behavior toward Plaintiff to Defendant Werner Trattner, Defendant Morey's immediate supervisor, on no less than two occasions.

33. Plaintiff made a verbal report to Rhonda Chiapulis (hereinafter "Chiapulis"), the Human Resources Manager of SONA, that Morey had harassed her. Plaintiff never received any confirmation or indication from Chiapulis, or any one else at SONA, that the matter was investigated or that any remedial action was taken.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

34. From the year 2000 and continuing until Plaintiff's termination, Plaintiff was subjected to discrimination in the terms and conditions of her employment, to a hostile work environment based upon her sex, and to retaliation for the actions that she has taken in response to this discriminatory conduct.

35. On May 13, 2005, Mike Alsfeld, an employee managed by Defendant Himsey, telephoned Plaintiff to set up an "interview." Mr. Alsfeld made no specific mention of the purpose of the interview.

36. On May 16,2005 Mr. Alsfeld questioned Plaintiff at length about Defendant Morey as part of an "internal investigation." Mr. Alsfeld informed Plaintiff that her future at SONA was contingent on her turning over to him certain written documentation of Morey's harassment of her.

37. After Plaintiff was questioned, and after Plaintiff had surrendered her written documentation, Defendants forced Plaintiff to go on leave with pay until May 23, 2005, allegedly for the purposes of conducting an "investigation."

38. On May 17, 2005, Plaintiff consulted with an attorney. Plaintiff notified Defendant Himsey that Plaintiff would like her attorney to attend a "meeting,"

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

scheduled for May 20, 2005. Defendant Himsey prohibited Plaintiff from bringing legal counsel to the meeting.

39. When Plaintiff returned on May 20, 2005 Defendant Himsey interrogated Plaintiff for four hours in the presence of Defendant Morey.

40. At the May 20, 2005 interrogation, Plaintiff was criticized for her "peer relationships." Defendant Morey acknowledged the sexual harassment, but did not apologize. Defendant Morey's admitted sexual harassment of Plaintiff was treated as a communication problem that required an effort from both parties to correct. Defendant Himsey and Mr. Alsfeld did not reprimand Morey for his misconduct.

41. On June 17, 2005, Plaintiff was terminated without explanation and without cause.

42. Plaintiff had put Defendants on notice on numerous occasions that Defendant Morey's sexual conduct toward her was unwelcome.

43. The Defendants failed to adequately investigate or remedy Morey's unwelcome sexual conduct. As a result of the Plaintiff's complaints, the Defendants and their agents and/or servants retaliated against the Plaintiff, including, but not limited to, increasingly and openly hostile and unwelcome conduct toward the Plaintiff.

rue Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

44. This unwelcome and retaliatory conduct against the Plaintiff by the Defendants and/or their agents and/or servants occurred in the presence of other staff members. Therefore, Defendants Morey, and Himsey, and other managers and members of the Human Resources office at both SONA and SNAL had notice that the Plaintiff was being continually subjected to sexual harassment and a hostile work environment.

45. The Plaintiff has always performed all of the responsibilities of her employment in a more than satisfactory manner.

46. At the time of the filing of the Plaintiff's Complaint with the EEOC, the Plaintiff's personnel file for SONA did not contain any reprimands or complaints of any kind about the Plaintiff's job performance.

47. The Plaintiff has never welcomed any of the discriminatory, harassing, or retaliatory conduct to which she has been subjected.

48. As a result of the conduct of the Defendants, and each of them, including intentional discrimination by the Defendants on the basis of her sex, the Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, and emotional damages,

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

economic injury, and other damages, unless and until this Court grants relief.

**FIRST CAUSE OF ACTION**

(Disparate Treatment and Wrongful Termination Against All Defendants Pursuant to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act)

49. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 48 of this Complaint with the same force and effect as if set forth herein.

50. Plaintiff is a member of a protected class (female) and was discriminated against with respect to the terms, conditions and privileges of employment because of her sex.

51. Plaintiff received a promotion in November 2003 and Defendants Morey and SONA refused to allow her to perform her budget management role and leadership responsibilities as promised by Defendant Morey. Plaintiff's co-employees at SONA and SNAL were allowed to mistreat Plaintiff and reject her authority as a result of the sexually hostile work environment created by Defendants and Defendants' sexual harassment of Plaintiff.

52. Plaintiff suffered an adverse job action when she was terminated from her employment with SONA on June 17, 2005.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

53. Defendants' decision to terminate Plaintiff on June 17, 2005 was motivated, in part, by Plaintiff's status as a female.

54. At the time of her termination, Plaintiff was performing her job at a level that rules out the possibility that Plaintiff was terminated for inadequate job performance.

55. Defendants replaced Plaintiff with another employee with less or equivalent qualifications.

56. Defendants' termination of Plaintiff based on her sex was discriminatory and retaliatory, and prohibited by the Fair Employment Practices Act and the Rhode Island Civil Rights Act.

**SECOND CAUSE OF ACTION**

(Hostile Environment and Sexual Harassment Against All Defendants Pursuant to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act)

57. Plaintiff repeats and re-alleges each and every allegation contained in Paragraph 1 through 56 of this Complaint with the same force and effect as if set forth herein.

58. During the duration of the Plaintiff's employment, the Defendants negligently and/or intentionally allowed a sexually hostile work environment to exist for

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

the Plaintiff as a result of allowing Defendant Morey to sexually harass the Plaintiff. The sexual harassment and Defendant's inaction interfered with Plaintiff's job performance and created an intimidating, hostile, and offensive work environment.

59. The Defendants' intentional toleration of such a hostile work environment for Plaintiff constitutes sex discrimination in violation of Fair Employment Practices Act and the Rhode Island Civil Rights Act.

**THIRD CAUSE OF ACTION**

(Hostile Environment and Sexual Harassment against Morey Pursuant to Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act)

60. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 59 of this Complaint with the same force and effect as if set forth herein.

61. During the duration of the Plaintiff's employment, the Defendant Morey, in his roles as President of SONA and supervisor of Plaintiff, intentionally subjected Plaintiff, and allowed other managers and co-workers to intentionally subject Plaintiff, to a sexually hostile work environment. Defendant Morey's continual sexual harassment of Plaintiff, and the atmosphere Defendant created and engendered at SONA, interfered with Plaintiff's job performance and

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

created an intimidating, hostile, and offensive work environment.

62. The Defendant Morey's intentional sexual harassment of Plaintiff and all Defendants' toleration of both Defendant Morey's and other employees' mistreatment of Plaintiff, created a sexually hostile work environment for Plaintiff and is sex discrimination in violation of the Rhode Island Civil Rights Act, R.I.G.L. et seq.

**FOURTH CAUSE OF ACTION**

(Retaliation Claim Under the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act Against All Defendants)

63. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 62 of this Complaint with the same force and effect as if set forth herein.

64. During the duration of the Plaintiff's employment, the Defendants negligently and/or intentionally allowed a sexual hostile work environment to exist for the Plaintiff as a result of allowing Defendant Morey to sexually harass the Plaintiff and other employees to gossip and witness Defendants' inaction. The sexual harassment and Defendants' inaction interfered with Plaintiff's job

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

performance and created an intimidating, hostile, and offensive work environment.

65. The Defendants directly and/or through their agents and/or servants, engaged in various acts of retaliation against the Plaintiff as a result of the Plaintiff's opposition to the sexual harassment by Defendant Morey and at SONA, and as a result of the Plaintiff's making verbal internal complaints against Defendants, as a result of Plaintiff's hiring of legal counsel, and as a result of the Plaintiff's filing of complaints with the Rhode Island Commission for Human Rights and with the EEOC.

66. As a result of Plaintiff complaining to Defendants, as well as filing complaints with the EEOC and/or the Rhode Island Commission for Human Rights, Defendants directly and/or through its agents and/or servants conducted an intentional pattern and practice of retaliatory harassment against the Plaintiff, including, but not limited to engaging in increasingly hostile and unwelcome conduct toward the Plaintiff, as more particularly described above.

67. The Defendants' pattern and practice of a hostile work environment toward Plaintiff constitutes sex

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

discrimination and retaliation under the Fair Employment Practices Act.

**FIFTH CAUSE OF ACTION**

(Hostile Environment Sexual Harassment Against Morey Pursuant to 42 U.S.C. § 2000e-2, et seq.)

68. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 67 of this Complaint with the same force and effect as if set forth herein.

69. During the duration of the Plaintiff's employment, the Defendant Morey, in his role as supervisor of Plaintiff and position as President at the Defendant SONA, intentionally subjected Plaintiff, and allowed other co-workers to intentionally subject Plaintiff, to a sexually hostile work environment. Defendant Morey's continual sexual harassment of Plaintiff and his toleration of co-employees' disparate treatment of Plaintiff interfered with Plaintiff's job performance and created an intimidating, hostile, and offensive work environment.

70. Defendant Morey's intentional sexual harassment of Plaintiff and his toleration of other co-employees' disparate treatment of Plaintiff, created a sexually hostile work environment for Plaintiff and is sex

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



N:\Clients\Scarlatelli\Complaint
8/012706/8

discrimination in violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

**SIXTH CAUSE OF ACTION**

(Civil Rights Claim for Retaliation Under 42 U.S.C. § 2000e-3 Against all Defendants)

71. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 70 of this Complaint with the same force and effect as if set forth herein.

72. During the duration of the Plaintiff's employment, the Defendant M. James Morey, negligently and/or intentionally allowed a sexually hostile work environment to exist for the Plaintiff. Defendant Morey's sexual harassment of Plaintiff interfered with Plaintiff's job performance and created an intimidating, hostile, and offensive work environment.

73. The Defendants engaged in various acts of retaliation against the Plaintiff as a result of the Plaintiff's opposition to Defendant Morey's sexual harassment of her, as a result of the Plaintiff's making internal complaints against Defendant Morey with SONA, SNAL and SOA, and as a result of the Plaintiff's filing of complaints with the Rhode Island Commission for Human

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Rights and with the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

74. As a result of Plaintiff complaining to SONA, SNAL and SOA, as well as filing of complaints with the EEOC and/or Rhode Island Commission for Human Rights, the Defendants conducted an intentional pattern and practice of retaliatory harassment against the Plaintiff, including, but not limited to engaging in increasingly hostile and unwelcome conduct toward the Plaintiff.

75. The Defendants' pattern and practice of such a hostile work environment for Plaintiff constitutes sex discrimination and retaliation under 42 U.S.C. § 2003e-3.

**SEVENTH CAUSE OF ACTION**

(Disparate Treatment and Wrongful Termination Claims Pursuant to 42 U.S.C. § 2000e-2 Against All Defendants)

76. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 75 of this Complaint with the same force and effect as if set forth herein.

77. Plaintiff is a member of a protected class (female) and was discriminated against with respect to the terms, conditions and privileges of employment because of her sex.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

78. Plaintiff received a promotion in November 2003 and Defendants Morey and SONA refused to allow her to perform her budget management role and leadership responsibilities as promised by Defendant Morey. Plaintiff's co-employees at SONA and SNAL were allowed to mistreat Plaintiff and reject her authority as a result of the sexually hostile work environment created by Defendants' and Defendants' sexual harassment of Plaintiff.

79. Plaintiff suffered an adverse job action when she was terminated from her employment with SONA on June 17, 2005.

80. Defendants' decision to terminate Plaintiff on June 17, 2005 was motivated, in part, by Plaintiff's status as a female.

81. At the time of her termination, Plaintiff was performing her job at a level that rules out the possibility that Plaintiff was terminated for inadequate job performance.

82. Defendants SONA, SOA, Himsey and Morey replaced Plaintiff with another employee with less or equivalent qualifications.

83. Defendants' termination of Plaintiff based on her sex was discriminatory, and prohibited by 42 U.S.C. § 2000e-2.

True Copy Attest

22

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

**EIGHTH CAUSE OF ACTION**

(Federal Conspiracy Claims under 42 U.S.C. § 1985 against Defendant M. James Morey, Defendant David Himsey, and Defendant Werner Trattner)

84. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 83 of this Complaint with the same force and effect as if set forth herein.

85. By the discriminatory and retaliatory acts and omissions of the Defendants, as previously set forth herein, the Defendant Morey, acting individually and acting in his capacity as supervisor of Plaintiff and President of SONA, in concert with other supervisory and administrative officials of SONA, SNAL, and SOA, conspired, planned, agreed and intended to harass, intimidate and cause economic and psychological injury to the Plaintiff.

86. The purpose of the Defendants, and others, in so acting was to prevent the Plaintiff, through intimidation, from seeking the equal protection of the laws and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of Rhode Island.

87. Pursuant to their conspiracy, the Defendants, and others, acted to deprive the Plaintiff of her civil rights by repeated and insidious acts of harassment and retaliation,

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1985.

88. Numerous, but not all, of the overt acts in furtherance of their conspiracy are specified in paragraphs 1 through 46 incorporated herein, and these retaliatory acts were intended not only to deprive Plaintiff of her rights under 42 U.S.C. § 2000e, et seq., but also to deprive her of her right to be free of employment discrimination under the equal protection provisions of the Fourteenth Amendment and her Constitutional civil rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of The Rhode Island Fair Employment Practices Act and The Rhode Island Civil Rights Act.

b. Declaring that the acts and practices complained of herein are in violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1985 et seq.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

c. Enjoining and permanently restraining Defendants from further violating The Rhode Island Fair Employment Practices Act and The Rhode Island Civil Rights Act.

d. Enjoining and permanently restraining Defendants from further violating The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq. and 42 U.S.C. § 1985 et seq.

e. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not effect Plaintiff's present and/or future employment opportunities.

f. Directing the Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendants' discriminatory treatment, including, but not limited to, wages and employee benefits.

g. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotion pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury.

h. Awarding the Plaintiff punitive damages for the Defendants' intentional violations of The Rhode Island Fair

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Employment Practices Act and The Rhode Island Civil Rights Act.

i. Awarding the Plaintiff punitive damages for the Defendants' intentional violations of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq. and 42 U.S.C. § 1985 et seq.

j. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees and expert witness fees, as provided by The Rhode Island Fair Employment Practices Act and The Rhode Island Civil Rights Act.

k. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees and expert witness fees, as provided by The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1988, and 42 U.S.C. § 1985.

l. Granting such other and further relief as this Court deems necessary and proper.

**DEMAND FOR A TRIAL BY JURY**

The Plaintiff demands a trial by jury on all causes of action.

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

N:\Clients\Scarlatelli\Complaint
8/012706/8

Plaintiff,
Pamela Scarlatelli,

By Her Attorneys,

Ericka L. Hughes (#6610)
Stephen A. Izzi (#2928)
GELFUSO & LACHUT, INC.
1193 Reservoir Avenue
Cranston, RI 02920
(401) 942-4300
(401) 946-0970 Facsimile

N:\Clients\Scarlatelli\Complaint
8/012706/8

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island