**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAMELA SCARLATELLI<br><br>v.<br><br>SWAROVSKI NORTH AMERICA LIMITED; SWAROVSKI OPTIK NORTH AMERICA LIMITED; SWAROVSKI OPTIK ABSAM; DAVID HIMSEY, INDIVIDUALLY AND IN HIS CAPACITY AS VICE PRESIDENT OF HUMAN RESOURCES FOR BOTH SWAROVSKI OPTIK NORTH AMERICA AND SWAROVSKI NORTH AMERICA LIMITED; WERNER TRATTNER, INDIVIDUALLY AND AS MANAGING DIRECTOR OF INTERNATIONAL SALES AND MARKETING FOR SWAROVSKI OPTIK ABSAM, AUSTRIA AND AS SUPERVISOR/MANAGER OF M. JAMES "JIM" MOREY; and M. JAMES MOREY INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SWAROVSKI OPTIK NORTH AMERICA LIMITED | : | C.A. No. 06-84-T |

**DEFENDANT WERNER TRATTNER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, Werner Trattner ("Trattner"), hereby moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure that this action be dismissed against him for lack of personal jurisdiction. In support of his motion, Trattner relies on his affidavit and Memorandum of Law, both of which are filed contemporaneously herewith.

DEFENDANT, WERNER TRATTNER
By his attorneys,

Pat K Roch

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: 3/20/06

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2006, I served a true copy of the within via first class mail, postage prepaid, on Alan P. Gelfuso, Esq. and Ericka L. Hughes, Esq., Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920.

Debra Hummer

*374587_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAMELA SCARLATELLI<br><br>v.<br><br>SWAROVSKI NORTH AMERICA LIMITED; SWAROVSKI OPTIK NORTH AMERICA LIMITED; SWAROVSKI OPTIK ABSAM; DAVID HIMSEY, INDIVIDUALLY AND IN HIS CAPACITY AS VICE PRESIDENT OF HUMAN RESOURCES FOR BOTH SWAROVSKI OPTIK NORTH AMERICA AND SWAROVSKI NORTH AMERICA LIMITED; WERNER TRATTNER, INDIVIDUALLY AND AS MANAGING DIRECTOR OF INTERNATIONAL SALES AND MARKETING FOR SWAROVSKI OPTIK ABSAM, AUSTRIA AND AS SUPERVISOR/MANAGER OF M. JAMES "JIM" MOREY; and M. JAMES MOREY INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SWAROVSKI OPTIK NORTH AMERICA LIMITED | : | C.A. No. 06-84-T |

**DEFENDANT WERNER TRATTNER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Werner Trattner ("Trattner") submits this memorandum of law in support of his motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over him.

## INTRODUCTION

Plaintiff bears the burden of proving that Trattner is properly subject to the jurisdiction of this Court. The instant action, however, does not arise out of any contacts between Trattner and the State of Rhode Island, and Plaintiff does not allege otherwise in her Complaint. Accordingly, personal jurisdiction over Trattner will exist only if his contacts with Rhode Island are so pervasive as to constitute a continuous presence in the state. Because no such contacts exist, the

Court should find that it has no personal jurisdiction over Trattner and grant his motion to dismiss.

## RELEVANT FACTUAL BACKGROUND

On February 10, 2006, during a visit to Las Vegas, Nevada for a business convention, Trattner, a resident of Austria, received a copy of Plaintiff's Complaint from a process server. Affidavit of Werner Trattner ("Trattner Aff."), ¶ ¶ 4, 12.[1] In her Complaint, which contains 88 numbered paragraphs and spans 27 pages, Plaintiff alleges that she was subjected to unlawful sexual harassment, discrimination, and retaliation by the Defendants during her employment with Swarovski Optik North America Limited ("SONA"), and asserts a total of eight causes of action arising under the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*, the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and 42 U.S.C. § 1985.[2] *See generally* Complaint. Although Plaintiff's allegations of unlawful conduct are numerous and span a five-year period beginning in 2000, Trattner is only mentioned in a total of three paragraphs in the Complaint. *See* Complaint, ¶¶ 14, 16 and 32; Trattner Aff., ¶ 12. The entire sum and substance of Plaintiff's allegations with respect to Trattner are as follows:

[1] By agreement of the parties, the time within which Trattner may answer or otherwise respond to Plaintiff's Complaint was enlarged to March 20, 2006.

[2] On February 21, 2006, Defendants, SONA, Swarovski Optik North America Limited, David Himsey, M. James Morey and Trattner, filed a Notice of Removal of this case from the Rhode Island Superior Court to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b).

(1) At all times relevant to the Complaint, Trattner was an employee of Swarovski Optik Absam (Austria),[3] and the supervisor of Defendant M. James Morey (Complaint, ¶ 14);

(2) At all times relevant to the Complaint, Trattner was a member of the SONA board of directors (Complaint, ¶ 16);

(3) Plaintiff verbally reported Defendant Morey's allegedly unwelcome sexual behavior towards her to Trattner on no less than two occasions (Complaint, ¶ 32).

As stated in his affidavit, Trattner is a resident of Austria and maintains his sole domicile in that country. Trattner Aff., ¶ 4. He has been employed by Swarovski Optik KG ("Swarovski Optik Austria") in Austria as its managing director of sales since 1989. Trattner Aff., ¶ 1. Trattner's business address at his place of employment is Swarovski Optik, D.-Swarovski-Straße 70, A-6067 Absam / Austria. Trattner Aff., ¶ 2.

In addition to his employment with Swarovski Optik Austria, Trattner was a member of the SONA board of directors from January 1, 1991 to mid-June 2005. Trattner Aff., ¶ 3. SONA has a principal place of business in Cranston, Rhode Island and is related to Swarovski Optik Austria within the overall corporate structure. *Id.*

Except for brief and isolated visits to the state for business purposes, Trattner has never had or maintained any contacts in or with the State of Rhode Island. Trattner Aff., ¶¶ 5-11. Trattner has never owned real or personal property in Rhode Island, has never had any account with any financial institution in the state, has never had or maintained a Rhode Island mailing address or telephone number, has never advertised his services in Rhode Island or maintained

[3] Swarovski Optik Absam was also named by Plaintiff as a defendant in this action, but to counsel's knowledge has not yet been served.

any agents in the state for any purpose, and has never kept or maintained any personal records of any kind in Rhode Island. Trattner Aff., ¶¶ 7-11.

During 2000 through 2005, the period referenced in Plaintiff's Complaint, Trattner visited Rhode Island from zero to four times per year for a period of between two and seven days per visit in his capacity as managing director of sales for Swarovski Optik Austria. In 2000, Trattner visited Rhode Island four times: January 19-20, a second time between April 9-14, a third time from July 4-8, and a fourth time from October 12-13. In 2001, Trattner visited Rhode Island three times: January 15-17, April 30-May 5, and July 16-22. In 2002, Trattner visited Rhode Island four times: February 13-15, May 13-17, July 14-16, and October 23-25. In 2003, Trattner visited Rhode Island three times: April 6-7, July 22-26, and October 21-23. In 2004, Trattner did not visit Rhode Island at all. In 2005, Trattner visited Rhode Island a total of three times: March 10-12, June 4-10, and July 17-19. On each of his trips to Rhode Island from 2000 through 2005, Trattner visited SONA's offices in Cranston, Rhode Island to review SONA's business operations. Trattner has not been to Rhode Island since July 2005. Trattner Aff., ¶ 5.

## ARGUMENT

This Court lacks personal jurisdiction over Trattner because he does not have the requisite "minimum contacts" with the State of Rhode Island. Accordingly, the Court should grant Trattner's motion to dismiss.

### 1. Before The Court May Exercise Personal Jurisdiction Over Trattner, Plaintiff Must Demonstrate That Trattner Has The Necessary "Minimum Contacts" With Rhode Island.

The question of personal jurisdiction – whether a court has the power to adjudicate a party's rights and liabilities – is a "necessary predicate" issue. *CVS Corp. v. Taubman Centers, Inc.*, 225 F.Supp.2d 120, 123 (D.R.I. 2003). Plaintiff bears the burden of alleging sufficient facts

in her Complaint to make out a prima facie case for this Court's exercise of personal jurisdiction over Trattner. *E.g., Women & Infants Hosp. of Rhode Island v. Community Health Network of Conn., Inc.*, 394 F.Supp.2d 488, 490 (D.R.I. 2005); *Russell v. Enterprise Rent-A-Car Co. of Rhode Island*, 160 F.Supp.2d 239, 249 (D.R.I. 2001); *Morel ex rel. Moorehead v. Estate of Davidson*, 148 F.Supp.2d 161, 166 (D.R.I. 2001); *Union Wadding Co. v. White Swan, Ltd.*, 866 F.Supp. 71, 73 (D.R.I. 1994). The law of the forum state (here, Rhode Island) governs the issue of personal jurisdiction. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir. 1983); *Union Wadding*, 866 F.Supp. at 73. If Plaintiff's Complaint does not demonstrate the appropriateness of haling Trattner into court in this jurisdiction, he must be dismissed as a defendant in the case. *See Russell*, 160 F.Supp.2d at 249; *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I. 1990).

"To make out a *prima facie* case of jurisdiction in Rhode Island, a plaintiff's allegations must satisfy the demands of G.L. 1956 (1985 Reenactment) § 9-5-33,[4] Rhode Island's 'long-arm' statute." *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I. 1985). Rhode Island's long-arm statute extends the jurisdictional reach of Rhode Island courts to any party with "the necessary minimum contacts with the state." R.I. Gen. Laws § 9-5-33. This statutory language has been judicially interpreted to permit Rhode Island courts the fullest exercise of jurisdiction permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *E.g., Donatelli v. Nat'l Hockey League,* 893 F.2d 459, 461 (1st Cir. 1990); *Women & Infants*, 394 F.Supp.2d at 491; *CVS Corp.*, 225 F.Supp.2d at 123. Due process requires that

[4] Section 9-5-33 provides:

> [e]very foreign corporation, every individual not a resident of this state . . . that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island . . . in every case not contrary to the provisions of the constitution or laws of the United States.

the defendant's contacts with the forum state are such that "traditional notions of fair play and substantial justice" are not offended by the court's exercise of jurisdiction. *International Shoe Co. v. State of Washington Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945). The sufficiency of a defendant's contacts will depend upon the particular facts of the case; however, it is well settled that "[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state." *Bendick v. Picillo*, 525 A.2d 1310, 1312 (R.I. 1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Two separate categories of personal jurisdiction have been recognized under the Due Process Clause: specific jurisdiction and general jurisdiction. *E.g., CVS Corp.*, 225 F.Supp.2d at 124; *Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417, 425 (D.R.I. 1989). Specific jurisdiction may arise where the claim that is the subject of the litigation arises out of the defendant's contacts with the forum state and, as such, exists for the purposes of that litigation only. *See Ben's Marine Sales*, 502 A.2d at 809; *Thompson Trading*, 123 F.R.D. at 425. General jurisdiction, on the other hand, does not require a nexus between the defendant's contacts and the litigation. *Id.* It exists where a defendant's contacts with the state are so "continuous and systematic" as to constitute a "presence" by the defendant in the state such that he may fairly be subject to the state's judicial processes for any reason whatsoever. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Thompson Trading*, 123 F.R.D. at 425. Proof sufficient to predicate a finding of general jurisdiction is a far more onerous burden for the plaintiff to carry than that of specific jurisdiction. *Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65, 74 (D.R.I. 1995) (the general jurisdiction standard is "considerably more stringent" than the standard for specific jurisdiction); *KVH Indus., Inc. v. Moore*, 789 F. Supp.

69, 71 (D.R.I. 1992) (same). This Court has held that the "continuous and systematic" requirement is only "satisfied when the defendant's forum contacts are 'extensive and pervasive.'" *Barry*, 909 F.Supp. at 75 (citation omitted.) "These contacts must be so 'substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (citations omitted).

**2. Plaintiff Has Not Alleged Facts That Would Support A Finding Of Specific Jurisdiction Over Trattner.**

Specific jurisdiction arises when the harm complained of by the plaintiff resulted directly from the defendant's contact with the forum state. *Morel*, 148 F. Supp. 2d at 164. This Court may exercise specific jurisdiction over Trattner only if Plaintiff satisfies a three-prong test demonstrating that: (1) her underlying claim directly arises out of, or relates to, Trattner's activities in Rhode Island; (2) Trattner has purposefully availed himself of the privilege of conducting activities in the State of Rhode Island; *and* (3) the exercise of jurisdiction is reasonable because Trattner's connection with Rhode Island is such that he should reasonably anticipate being haled into a Rhode Island court. *See, e.g., United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992); *Women & Infants*, 394 F.Supp.2d at 491; *CVS Corp.*, 225 F.Supp.2d at 124. The analysis of the first prong differs slightly between contract and tort claims because "[q]uestions of specific jurisdiction are always tied to the particular claims asserted." *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999).

In her otherwise lengthy and detailed Complaint, Plaintiff fails to plead a single fact that establishes the necessary connection between her allegations as to Trattner and his activities in the State of Rhode Island. Indeed, other than alleging that Trattner was employed by an Austrian entity, supervised co-Defendant Morey, and was a member of SONA's board of directors,

Plaintiff's only allegation concerning Trattner is that he was the recipient of her verbal complaints about Defendant Morey's alleged behavior on two occasions. Plaintiff fails to plead any facts whatsoever regarding when or where she made these alleged verbal complaints to Trattner. She also fails to allege that Trattner acted unlawfully, or even inappropriately, in his alleged role as the recipient of her verbal complaints. In fact, Plaintiff's Complaint does not contain a single alleged instance of unlawful conduct by Trattner, much less any such instance related to any alleged contact between Trattner and the State of Rhode Island. This does not satisfy Plaintiff's obligation to meet her burden of establishing a *prima facie* case of specific jurisdiction.

Because Plaintiff's Complaint fails to satisfy even the first prong of the three-part specific jurisdiction test, she clearly cannot establish her burden of demonstrating the Court's specific jurisdiction over Trattner.[5]

**3. Trattner Lacks The "Continuous And Systematic" Contacts With Rhode Island That Would Subject Him To The General Jurisdiction Of The State's Courts.**

Having failed to plead sufficient facts to justify Rhode Island's exercise of specific personal jurisdiction over Trattner, Plaintiff is also unable to produce sufficient evidence to meet the far more onerous burden of general jurisdiction. As demonstrated in his affidavit, Trattner plainly does not have the sort of "continuous and systematic" contacts with Rhode Island that constitute a "presence" in the state such that he could reasonably anticipate being haled into court here for any reason. *See generally* Trattner Aff.

Trattner's only contacts with Rhode Island have been brief, isolated visits to the state in his capacity as managing director of sales for Swarovski Optik Austria. Trattner has never

[5] As set forth in Section 3, Plaintiff likewise does not and cannot satisfy the second and third prongs of the specific jurisdiction analysis.

owned real or personal property in Rhode Island, has never had any account with any financial institution in the state, has never had or maintained a Rhode Island mailing address or telephone number, has never advertised his services in Rhode Island or maintained any agents in the state for any purpose, and has never kept or maintained any personal records of any kind in Rhode Island. Trattner Aff., ¶¶ 7-11.

The seminal Supreme Court case of *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984), is instructive on the issue of when contacts with a forum state are sufficiently continuous and systematic to subject a party to the general jurisdiction of a forum court. *Helicopteros* concerned a wrongful death action initiated in Texas against an out-of-state corporation engaged in the business of providing helicopter transportation for oil and construction companies in South America. 466 U.S. at 409. The defendant had purchased helicopters and equipment in Texas for many years and regularly sent its personnel to Texas for training and consultation with the seller. *Id.* at 411. The Court held that such contacts were neither continuous nor systematic enough to subject the defendant to the general jurisdiction of the Texas courts. *Id.* The *Helicopteros* Court was far more concerned with the indicia of "continuous and systematic" contacts that were lacking:

> [Defendant] has never been authorized to do business in Texas and never has had an agent for service of process within the State. It never has performed helicopter operations in Texas or sold any product that reached Texas, never solicited business in Texas, never signed any contract in Texas, never had any employee based there, and never recruited an employee in Texas. In addition [defendant] never has owned real or personal property in Texas and never has maintained an office or establishment there. [Defendant] has maintained no records in Texas and has no shareholders in that State.

*Id.* Here, Trattner's contact with Rhode Island is limited to his isolated and brief visits to the state to review SONA's business operations. In 2005, not an atypical year for Trattner, he was

present in Rhode Island on three occasions for an aggregate total of 13 days. He has not been back to Rhode Island since July 2005. *See* Trattner Aff., ¶ 5. Thus, Trattner's cumulative contacts with Rhode Island are far fewer than those in *Helicopteros*, where the Court refused to exercise personal jurisdiction.

In previous cases decided by this Court, Sea World of Florida and the National Hockey League were held not to be subject to the jurisdiction of the Rhode Island court, despite far more significant contacts than Trattner has with this forum. *See Russo v. Sea World of Florida, Inc.*, 709 F. Supp. 39, 41 (D.R.I. 1989); *Donatelli v. National Hockey League*, 708 F. Supp. 31, 35 (D.R.I. 1989), *rev'd on other grounds*, 893 F.2d 459 (holding that the NHL could not even be subject to specific personal jurisdiction on the basis of one of its member's forum contacts unless the league influenced or directed such actions). Sea World was held not to be subject to suit in Rhode Island even though it advertised in-state, permitted Rhode Island travel agents to carry its brochures, sold tickets through those agencies and derived 1.2% of its gross annual revenues from Rhode Island residents. *Russo*, 709 F. Supp. at 41. Similarly, regularly televising hockey games in Rhode Island, selling merchandise in Rhode Island, and sending scouts and referees into Rhode Island for exhibition games was held insufficient contact with this state to trigger Rhode Island's general jurisdiction over the NHL. *Donatelli*, 708 F. Supp. at 35.

The Rhode Island contacts of Trattner are far fewer than those of Sea World or the NHL. The type of limited contact that Trattner has had with Rhode Island has been deemed not to give rise to jurisdiction in other cases involving non-forum defendants. For example, in *Riverhouse Publishing Co. v. Porter*, 287 F.Supp. 1, 8 (D.R.I. 1968), this Court held that a New York-based syndicate company that sent sales employees into Rhode Island two or three times per year to display various features that the syndicate might offer for newspaper publications within the state

did not have sufficient minimum contact with Rhode Island to be subject to the general jurisdiction of the state's courts.

The fact that Trattner is an individual defendant, employed by a foreign corporation, makes Plaintiff's burden of demonstrating that he is subject to the general personal jurisdiction of the Rhode Island courts even more onerous. "Jurisidiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within [the court's] jurisdiction that would subject them to the coverage of the state's long-arm statute." *Bapic v. Johnson Matthey Public Ltd. Co.*, 1985 R.I. Super. Lexis 11, *26 (R.I. Super. June 10, 1985) (Israel, J.) (citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980); 4 Wright and Miller, Federal Practice and Procedure § 1069 (1985 Supp.)); *see Leduc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 824 (N.D. Cal. 1992) (citing *Davis v. Metro Productions*, 885 F.2d 515, 520, 522 (9th Cir. 1989)) ("The mere fact that a corporation is subject to general jurisdiction does not mean that its non-resident officers and directors are subject to jurisdiction as well. Each defendant's contacts with the forum state must be examined individually to determine whether that defendant has sufficient minimum contacts to support a finding of jurisdiction.")

In *Bapic*, the Rhode Island Superior Court refused to exercise general jurisdiction over two individual officers of a British company. One of the officers, James Hughes, had only visited Rhode Island once, and although there was evidence that in his corporate capacity he generally supervised his employer's Rhode Island activities, the Superior Court quickly rejected any notion that he was subject to personal jurisdiction in Rhode Island: "In no way can Mr. Hughes' activity in Rhode Island be considered continuous and systematic so as to subject him generally to the jurisdiction of this Court." *Id.* at *28.

The other corporate officer at issue in *Bapic*, Derek Dumenil, had visited Rhode Island on business four times within a twenty-month period, and thus had more contacts with Rhode Island than Hughes, but the Superior Court nevertheless found that it had no personal jurisdiction over him:

> Mr. Dererk Dumenil has been physically present in Rhode Island on four occasions over approximately twenty months in three different calendar years. In 1981 he was here in September, in 1982 in March and August, and in 1983 in April. ***It can scarcely be said that these visits . . . are so systematic and continuous that this Court can exercise general jurisdiction over Mr. Dumenil personally.***

*Id.* at *28-29 (emphasis added);[6] *see also Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1526-27 (9th Cir. 1985) (holding that a nonresident defendant's business and vacation trips to forum state for an average of three weeks per year is insufficient contact with state to establish general personal jurisdiction over him); *Forsythe v. Overmyer*, 576 F.2d 779, 783-84 (9th Cir. 1978), *cert. denied*, 439 U.S. 864 (1979) ("[A] corporate officer who has contact with a forum state only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum."); *Leduc*, 814 F.Supp. at 825 (no personal jurisdiction over corporate officer even though

---

[6] The Superior Court also found that it did not have specific jurisdiction over Dumenil, reasoning, in part, as follows:

> All of Mr. Dumenil's contacts with Rhode Island are plainly related to [a subsidiary company's] platinum watch business. He was, after all, responsible for the marketing of platinum by all of the companies in the Johnson Matthey Group. The plaintiffs' claims are also related to [the subsidiary's] platinum watch business. Simply because both Mr. Dumenil's contacts with Rhode Island and the plaintiffs' claims are related to [the subsidiary's] platinum watch business, it does not follow that they are related to each other.

*Bapic*, 1985 R.I. Super. Lexis 11, at *29.

Given the striking similarity between the professional responsibilities of Dumenil, a British citizen, and Trattner in their respective foreign organizations, the Superior Court's cogent analysis is equally applicable here.

he admittedly made "occasional" visits to forum state for business purposes); *cf. Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2nd Cir. 1985) (foreign corporation not subject to personal jurisdiction in New York despite repeated visits to that state by its president and sole shareholder for business purposes); *Marsin Medical International, Inc. v. Bauhinia Ltd.*, 948 F.Supp. 180, 186 (E.D.N.Y. 1996) (although corporate defendant arranged for the shipment of goods into the forum state and its officers routinely attend business meetings and trade shows in forum state, such contacts are insufficient for the exercise of personal jurisdiction over defendant); *Easterling v. Cooper Motors, Inc.*, 26 F.R.D. 1, 3 (M.D.N.C. 1960) (even though defendant's president made "occasional visits" to regional office in forum state for business purposes, and occasionally communicated with that office by telephone, telegram, or letter, court held that those contacts "fall far short of the 'minimum contacts' required to subject a foreign corporation to jurisdiction of the courts of this State"); *Feldman v. Silverleaf Resorts, Inc.*, 2000 U.S. Dist. Lexis 1005, *12-13 (E.D.N.Y. January 31, 2000) (Block, J.) (although defendant corporation sent officer to forum state to conduct business activities on 13 separate occasions during a single year, and maintains an office and bank account in forum state, defendant's contacts are nevertheless insufficient to support jurisdiction); *Transcontinental Fertilizer Co. v. Saudi Arabian Fertilizer Marketing Co. Ltd.*, 1995 U.S. Dist. 564, *6 (E.D. Pa. January 23, 1995) (Reed, J.) (corporate officers' attendance at two business conferences in forum state insufficient for exercise of personal jurisdiction over foreign corporation).

Thus, in accordance with the rulings of this Court as well as those in other courts, both state and federal, Trattner's isolated, brief visits to Rhode Island cannot justify the exercise of general jurisdiction over him by this Court.

## CONCLUSION

Plaintiff has failed to establish a *prima facie* case that this Court has jurisdiction over Trattner. Plaintiff has plainly not alleged contacts sufficient to support specific jurisdiction over Trattner; indeed, she has failed to plead a single alleged instance of unlawful conduct by Trattner, much less any such instance related to any alleged contact between Trattner and Rhode Island. Likewise, there is an absence of sufficient contacts between Trattner and the State of Rhode Island to support general jurisdiction over him. Accordingly, for all of the foregoing reasons, this Court should grant Trattner's Motion to Dismiss for Lack of Personal Jurisdiction.

DEFENDANT, WERNER TRATTNER
By his attorneys,

Pat K Roch
JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: 3/20/06

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2006, I served a true copy of the within via first class mail, postage prepaid, on Alan P. Gelfuso, Esq. and Ericka L. Hughes, Esq., Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920.

Debra Herman

*374419_1.doc*