**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAMELA SCARLATELLI<br><br>v.<br><br>SWAROVSKI NORTH AMERICA LIMITED; SWAROVSKI OPTIK NORTH AMERICA LIMITED; SWAROVSKI OPTIK ABSAM; DAVID HIMSEY, INDIVIDUALLY AND IN HIS CAPACITY AS VICE PRESIDENT OF HUMAN RESOURCES FOR BOTH SWAROVSKI OPTIK NORTH AMERICA AND SWAROVSKI NORTH AMERICA LIMITED; WERNER TRATTNER, INDIVIDUALLY AND AS MANAGING DIRECTOR OF INTERNATIONAL SALES AND MARKETING FOR SWAROVSKI OPTIK ABSAM, AUSTRIA AND AS SUPERVISOR/MANAGER OF M. JAMES "JIM" MOREY; and M. JAMES MOREY INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SWAROVSKI OPTIK NORTH AMERICA LIMITED | : | C.A. No. 06-84-T |

**AMENDED ANSWER OF DEFENDANTS, SWAROVSKI NORTH AMERICA LIMITED, SWAROVSKI OPTIK NORTH AMERICA LIMITED, DAVID HIMSEY, AND M. JAMES MOREY**

Now come Defendants Swarovski North America Limited ("SNA"), Swarovski Optik North America Limited ("SONA"), David Himsey, and M. James Morey (hereinafter, collectively, the "Defendants"), and for their Answer to the Complaint hereby state as follows:

NATURE OF CASE

1. Defendants admit that Plaintiff has filed an action seeking certain relief. Defendants deny that Plaintiff has suffered any unlawful discrimination in employment on account of her sex or is entitled to any requested relief.

## JURISDICTION

2. Defendants acknowledge Plaintiff's jurisdictional statement, but deny Plaintiff's right to any relief thereunder.

3. The allegations set forth in Paragraph 3 of the Complaint contain alleged conclusions of law to which no responsive pleading is necessary.

## PARTIES

4. Admitted that Pamela Scarlatelli is the Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. Admitted.

6. Defendants deny that Plaintiff was a party to an employment contract with Defendant, SONA. The remaining allegations set forth in Paragraph 6 of the Complaint are admitted.

7. Admitted.

8. Defendants admit that SONA employed fifteen or more persons throughout Plaintiff's employment with SONA, and that SONA was an employer pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Rhode Island Fair Employment Practices Act. The remaining allegations set forth in Paragraph 8 of the Complaint are denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied. Defendants state affirmatively that at all times relevant to the Complaint, Defendant Trattner was an employee of Swarovski Optik KG, which is located in Austria.

15. Denied.

16. Denied.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Admitted that Plaintiff filed a charge of discrimination with the Rhode Island Commission for Human Rights ("RICHR") on or about June 15, 2005, the terms of which speak for themselves. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that she filed a charge of discrimination with the Equal Employment Opportunity Commission on or about June 15, 2005. To the extent that Paragraph 17 of the Complaint avers that any of the acts of sex discrimination alleged by Plaintiff actually occurred, they are denied.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Denied. Defendants state affirmatively that the RICHR issued a Notice of Right to Sue to Plaintiff on January 27, 2006.

21. The allegations set forth in Paragraph 21 of the Complaint represent an alleged conclusion of law to which no responsive pleading is required.

ALLEGATIONS COMMON TO ALL CAUSE OF ACTION

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that attending national and international conventions was an integral part of Plaintiff's duties at SONA. Admitted that in August 2001, Plaintiff and Defendant Morey attended a convention in Rochester, New Hampshire called the "Writer's Event." The remaining allegations set forth in Paragraph 26 of the Complaint are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied. Defendants submit that the non-discrimination policy in the employee handbook utilized by SONA in 2001 speaks for itself.

31. Admitted that Defendant Morey was President of SONA at all times relevant to the Complaint. Defendants are without sufficient knowledge or information to form a belief concerning what Plaintiff "feared."

32. Denied.

33. Denied.

34. Denied.

35. Admitted that on May 13, 2005, Mike Alsfeld telephoned Plaintiff to set up an interview with her. The remaining allegations set forth in Paragraph 35 of the Complaint are denied.

36. Denied.

37. Admitted that following her interview, Plaintiff was placed on leave with pay in order to facilitate further investigation. Denied that Plaintiff's leave extended until May 23, 2005. To the extent the allegations set forth in Paragraph 37 characterize Plaintiff's interview with Mr. Alsfeld in the nature of a one-sided interrogation, denied.

38. Defendants are without sufficient knowledge or information to form a belief concerning the truth of Plaintiff's allegation that she consulted with an attorney on May 17, 2005. Admitted that Plaintiff notified Defendant Himsey that she would like her attorney to attend an internal meeting scheduled for May 20, 2005. Denied that Defendant Himsey "prohibited" Plaintiff from bringing legal counsel to the meeting.

39. Denied.

40. Denied.

41. Denied.

42. Denied. To the extent Paragraph 42 of the Complaint avers that Defendant Morey exhibited sexual conduct towards Plaintiff at any time, denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied that Plaintiff was ever subjected to any discriminatory, harassing or retaliatory conduct by Defendants.

48. Denied.

## FIRST CAUSE OF ACTION

(Disparate Treatment and Wrongful Termination Against All Defendants Pursuant to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act)

49. Defendants restate and incorporate their responses to Paragraphs 1 through 48 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

50. Denied.

51. Denied.

52. Admitted that Plaintiff was terminated from her employment with SONA on June 17, 2005. To the extent the allegation states any wrongdoing by Defendants, it is denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## SECOND CAUSE OF ACTION

(Hostile Environment and Sexual Harassment Against All Defendants Pursuant to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act)

57. Defendants restate and incorporate their responses to Paragraphs 1 through 56 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

58. Denied.

59. Denied.

## THIRD CAUSE OF ACTION

(Hostile Environment and Sexual Harassment Against Morey Pursuant to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act)

60. Defendants restate and incorporate their responses to Paragraphs 1 through 59 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

61. Denied.

62. Denied.

## FOURTH CAUSE OF ACTION

(Retaliation Claim Under the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act Against All Defendants)

63. Defendants restate and incorporate their responses to Paragraphs 1 through 62 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## FIFTH CAUSE OF ACTION

(Hostile Environment Sexual Harassment Against Morey Pursuant to 42 U.S.C. § 2000e-2, et seq.)

68. Defendants restate and incorporate their responses to Paragraphs 1 through 67 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

69. Denied.

70. Denied.

## SIXTH CAUSE OF ACTION

(Civil Rights Claim for Retaliation Under 42 U.S.C. § 2000e-3 Against All Defendants)

71. Defendants restate and incorporate their responses to Paragraphs 1 through 70 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## SEVENTH CAUSE OF ACTION

(Disparate Treatment and Wrongful Termination Claims Pursuant to 42 U.S.C. § 2000e-2 Against All Defendants)

76. Defendants restate and incorporate their responses to Paragraphs 1 through 75 of the Complaint with the same force and effect as if fully set forth herein in their entirety.

77. Denied.

78. Denied.

79. Admitted that Plaintiff was terminated from her employment with SONA on June 17, 2005. To the extent the allegation states any wrongdoing by Defendants, it is denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

EIGHTH CAUSE OF ACTION

(Federal Conspiracy Claim Under 42 U.S.C. § 1985 Against Defendant M. James Morey, Defendant David Himsey, and Defendant Werner Trattner)

84. Defendants incorporate their responses to Paragraphs 1 through 83 of the Complaint herein by reference in their entirety.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against any of the Defendants.

### Second Affirmative Defense

The Complaint, or portions thereof, is time barred by the applicable statutes of limitation.

### Third Affirmative Defense

Swarovski North America Limited never employed Plaintiff and is therefore not an appropriate Defendant.

### Fourth Affirmative Defense

David Himsey never employed nor supervised Plaintiff and is therefore not an appropriate Defendant.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred by the doctrine of unclean hands.

**Sixth Affirmative Defense**

Plaintiff's Complaint is barred by the doctrines of estoppel, waiver, and laches.

**Seventh Affirmative Defense**

Plaintiff was never subjected to any form of unlawful discrimination, harassment, or retaliation, or any unlawful conspiracy, at any time during her employment with SONA.

**Eighth Affirmative Defense**

Plaintiff's alleged damages must be reduced to the extent she has failed to properly mitigate such damages.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff all of the relief she seeks, enter judgment in favor of Defendants, and award Defendants their attorneys' fees and costs for defending this action.

DEFENDANTS, SWAROVSKI NORTH AMERICA LIMITED, SWAROVSKI OPTIK NORTH AMERICA LIMITED, DAVID HIMSEY, AND M. JAMES MOREY

By their attorneys,

Pat K Roch

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: 3/21/06

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2006, I served a true copy of the within via first class mail, postage prepaid, on Alan P. Gelfuso, Esq. and Ericka L. Hughes, Esq., Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920.

Debra Humm

*375769_1.doc*