UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAMELA SCARLATELLI, Plaintiff, v. | C.A. NO. 06-84 T |
| SWAROVSKI NORTH AMERICA LIMITED; SWAROVSKI OPTIK NORTH AMERICA LIMITED; SWAROVSKI OPTIK ABSAM; DAVID HIMSEY, INDIVIDUALLY AND IN HIS CAPACITY AS VICE PRESIDENT OF HUMAN RESOURCES FOR BOTH SWAROVSKI OPTIK NORTH AMERICA AND SWAROVSKI NORTH AMERICA LIMITED; WERNER TRATTNER, INDIVIDUALLY AND AS MANAGING DIRECTOR OF INTERNATIONAL SALES AND MARKETING FOR SWAROVSKI OPTIK ABSAM,AUSTRIA, AND AS SUPERVISOR/MANAGER OF M. JAMES "JIM" MOREY; AND M. JAMES MOREY, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SWARVOSKI OPTIK NORTH AMERICA LIMITED, Defendants. | |

**OPPOSITION TO DEFENDANT WERNER TRATTNER'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff, Pamela Scarlatelli ("Ms. Scarlatelli" or "Plaintiff"), hereby opposes the Motion of Werner Trattner to Dismiss Plaintiff's Complaint. As grounds, Plaintiff refers to the Memorandum in Opposition to Defendant Werner Trattner's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Affidavit, filed herewith.

N:/Clients/Scarlatelli/Federal/Pleadings/Opp.2.trattner.
JRD/033106/1

***WHEREFORE***, Plaintiff prays that this Honorable Court deny Defendant's Motion to Dismiss.

Plaintiff,

Pamela Scarlatelli,

By Her Attorney,

Joseph R. Daigle (#5429)
GELFUSO & LACHUT
1193 Reservoir Avenue
Cranston, RI 02920
(401) 942-4300

**CERTIFICATION**

I hereby certify that a true copy of the within was served on the following by first class mail and facsimile on this ___ day of April 13 2006:

Patricia Rocha, Esq.
Michael Chittick, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

N:/Clients/Scarlatelli/Federal/Pleadings/opp.2.trattner.
JRD/032806/1

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAMELA SCARLATELLI, Plaintiff, v. SWAROVSKI NORTH AMERICA LIMITED; SWAROVSKI OPTIK NORTH AMERICA LIMITED; SWAROVSKI OPTIK ABSAM; DAVID HIMSEY, INDIVIDUALLY AND IN HIS CAPACITY AS VICE PRESIDENT OF HUMAN RESOURCES FOR BOTH SWAROVSKI OPTIK NORTH AMERICA AND SWAROVSKI NORTH AMERICA LIMITED; WERNER TRATTNER, INDIVIDUALLY AND AS MANAGING DIRECTOR OF INTERNATIONAL SALES AND MARKETING FOR SWAROVSKI OPTIK ABSAM, AUSTRIA, AND AS SUPERVISOR/MANAGER OF M. JAMES "JIM" MOREY; AND M. JAMES MOREY, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SWARVOSKI OPTIK NORTH AMERICA LIMITED, Defendants. | C.A. NO. 06-84 T |

**MEMORANDUM IN OPPOSITION TO DEFENDANT WERNER TRATTNER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff, Pamela Scarlatelli ("Ms. Scarlatelli" or "Plaintiff"), hereby opposes the Motion of Werner Trattner to Dismiss Plaintiff's Complaint.

N:/Clients/Scarlatelli/Federal/Pleadings/Opp.2.trattner.dism
JRD/033106/7

## INTRODUCTION

Jurisdiction over Defendant Werner Trattner ("Mr. Trattner") is appropriate in this matter because Mr. Trattner has sufficient contact with the forum to allow the Court to exercise general jurisdiction over him. Further, because the harm that Plaintiff suffered was caused within the jurisdiction by a subordinate for whom Mr. Trattner was directly responsible, and the conduct complained of occurred with Mr. Trattner's knowledge and tacit consent in violation of his statutory duties, his conduct within the forum is directly related to Plaintiff's damages and therefore this Court may exercise specific jurisdiction over him.

## FACTS

Ms. Scarlatelli was employed by Swarovski Optik North America ("SONA") from November 8, 1993 until June 17, 2005. (Scarlatelli Affidavit, filed herewith.) Defendant Werner Trattner ("Mr. Trattner") was employed by Swarovski Optik Austria ("SOA"), SONA's parent company, as managing director of sales and in that capacity exercised supervisory authority over Defendant M. James Morey ("Morey"). Defendants Morey and Werner Trattner were members of the SONA board of directors. Defendant Morey was President of SONA and the senior person at the Cranston facility.

The three Defendant companies are closely related. SOA, SONA, and Swarovski North America Limited ("SNAL") were managed by a single board of directors. SNAL and SONA employed the same person as Human Resources Manager, David Himsey, who reported to SOA. (The companies even share the same legal counsel in this matter.) Mr. Trattner exercised authority over many employment and human resource decisions regarding SONA.

Over the course of Plaintiff's employment at SONA, Morey subjected her to harassment and discrimination. In 2001, she complained to Mr. Trattner regarding Mr. Morey's offensive and harassing conduct. He did not refuse to take action on her behalf (as one would expect him to do if he had no authority over Mr. Morey). Nor did he inform Ms. Scarlatelli to address her complaints to someone within SONA. Instead, Mr. Trattner assured her that he would speak with Morey about his behavior. After she complained to Trattner, however, Plaintiff was faced with increasingly and openly hostile treatment at her job until her termination without cause on June 17, 2005.

## STANDARD

Defendant's Motion to Dismiss attacks the sufficiency of the Complaint, arguing that the allegation within it fail to state a basis for the Court to find that Trattner has sufficient minimum contacts with the forum to establish personal jurisdiction over him.

Generally, great specificity is not required to survive a Rule 12(b)(6) motion. In establishing whether the Court may exercise jurisdiction over Mr. Trattner, the Court must first look to Rhode Island's "long-arm" statute, R.I. Gen. Laws § 9-5-33, which authorizes assertion of personal jurisdiction *to the fullest extent permitted* by *the United States Constitution.* E.g., Donatelli v. Nat'l Hockey League, 893 F.2d 459, 461 (1st Cir. 1990). Thus, the issue for the Court's determination is whether the assertion of jurisdiction over Mr. Trattner comports with the strictures of due process. *Id.* Due process requires that "minimum contacts" exist between the defendant and the forum state such that maintenance of the action does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)).

## ARGUMENT

Jurisdiction over an individual has been classified as either "specific" or "general." Mr. Trattner is appropriately before the Court on either basis.

## I. DEFENDANT'S MOTION MUST BE DENIED BECAUSE THE COURT MAY EXERCISE SPECIFIC JURISDICTION OVER MR. TRATTNER

Where specific jurisdiction is asserted, the Court employs a three-prong standard in conducting the minimum-contacts analysis. Women & Infants Hosp. v. Cmty. Health Network of Conn., Inc., 394 F.Supp.2d 488, 491 (D.R.I. 2005). First, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). Second, "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." Women & Infants at 491. Third, the exercise of jurisdiction must be reasonable. Id.

### a. Relatedness

The "relatedness" inquiry, is a "flexible, relaxed standard." Id. (quoting N. Laminate Sales, Inc., 403 F.3d 14, 2005 WL 740829 at 7. "[A] defendant need not be physically present in the forum state to cause injury (and thus 'activity' for jurisdictional purposes) in the forum state. *Id.* (citing Calder v. Jones, 465 U.S. 783, 789, 79 L. Ed. 2d 804, 104 S. Ct. 1482(1984)).

Although Mr. Trattner argues that he is only specifically named in Plaintiff's Complaint in three paragraphs, the allegations against Defendants *as a group*, are found throughout the Complaint. Mr. Trattner, as a member of that group, is charged with multiple wrongdoings including, *inter alia*:

1. That Plaintiff put Defendants on notice on numerous occasions that Defendant Morey's sexual conduct toward her was unwelcome, and that Defendants failed or refused to adequately investigate or remedy Morey's unwelcome sexual conduct. (Paragraphs 42-43.)

2. Defendants negligently and/or intentionally allowed a sexually hostile work environment to exist and allowed Defendant Morey to sexually harass the Plaintiff in violation of Fair Employment Practices Act and the Rhode Island Civil Rights Act. (Paragraphs 58-59.)

3. Defendants retaliated against Plaintiff when she made complaints against Defendants, when she hired legal counsel, and as a result of the Plaintiff's filing Complaints with the Rhode Island Commission for Human Rights and with the EEOC. (Paragraphs 65-67.)

Further, Plaintiff has alleged that officials of SONA, SNAL, and SOA, "conspired, planned, agreed and intended to harass, intimidate and cause economic and psychological injury" to the Plaintiff. (Paragraph 83-87.) Plaintiff admits that she

does not know the role Mr. Trattner played in the efforts by Morey and SONA to intimidate her into dropping her claims, nor can she prove at this time that Trattner ordered her retaliatory firing. However, conspiracy claims are often found to merit special consideration when a court is asked to test the sufficiency of a complaint. In Thompson Trading, Ltd. v. Allied Lyons PLC, 124 F.R.D. 534, 537 (D.R.I. 1989), for instance, the Court refused to hold that the plaintiff's "conclusory" allegations of conspiracy warranted dismissal, noting that conspiracy claims by their nature may be difficult to prove without discovery.

> To accept defendants' argument that plaintiff's claim is too conclusory raises the issue of what defendants would have plaintiff plead. As previously stated, conspiracy is an activity which by its very nature is not done in the open for all to see. Since defendants are likely in control of any relevant evidence, it would be manifestly unfair to force plaintiff to plead specific facts proving particular conspiratorial acts prior to giving plaintiff the opportunity to conduct discovery.

Id. Therefore, Mr. Trattner should remain a defendant in this matter at least until Plaintiff is able to discover the role he played in the retaliation she suffered while employed at SONA.

Throughout the events detailed in Plaintiff's Complaint, Mr. Trattner has the authority to take action to protect Ms. Scarlatelli, but refused to do so. His failure to take any action to stop Mr. Morey's harassment is directly related to the damages she suffered.

N:/Clients/Scarlatelli/Federal/Pleadings/opp.2.trattner.dism.
JRD/032806/7

2. Purposeful availment

The focus of the second prong of the analysis, the "purposeful availment" requirement, is on "voluntariness and foreseeability." Women & Infants, at 492 (quoting N. Laminate Sales, Inc., 403 F.3d 14, 2005 WL 740829 at * 7). The purposeful availment issue arises most notably in cases involving out-of-state manufacturers. Generally, when the manufacturer's product that is sold within the state, is the source of the alleged injury, the argument for finding that the manufacturer has availed himself of the privilege of conducting activities in the forum state becomes stronger than if the claim is unrelated to the product. Ben's Marine Sales v. Sleek Craft Boats, 502 A.2d 808, 813 (R.I. 1985). In the case of intentional torts such as defamation, a party's knowledge that his intentional conduct will cause injury and that the major impact of that injury will occur within the forum, constitutes a purposeful contact or substantial connection whereby the intentional tortfeasor could reasonably expect to be haled into the forum State's courts to defend his actions. See, e.g., Hugel v. McNell, 886 F.2d 1, 4 (1st Cir. 1989). However, "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Rose v. Firstar Bank, 819 A.2d 1247, 1255 (R.I. 2003)(quoting Bendick v. Picillo, 525 A.2d 1310, 1312

N:/Clients/Scarlatelli/Federal/Pleadings/opp.2.trattner.dism.
JRD/032806/7

(R.I. 1987).)

Mr. Trattner's supervisory authority over Mr. Morey, his control over SONA's Cranston operations and its personnel decisions, and his promise to help Plaintiff by speaking with Mr. Morey about her complaints of harassment, all indicate that Mr. Trattner's conduct caused or increased Plaintiff's damages and that he knew or should have known that his actions would have this effect. Therefore, Mr. Trattner availed himself of the benefits of doing business within the forum and that it was foreseeable that his actions would have an affect within the forum.

3. Reasonableness

The third prong of the jurisdictional analysis requires that the Court's exercise of jurisdiction be reasonable.

> The Supreme Court has identified a set of "gestalt" factors to be considered in assessing reasonableness. These factors include: the burden on the defendant in appearing; the forum state's interest in adjudicating the matter; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and the shared interest of the several states in furthering fundamental substantive social policies.

Women & Infants at 492 (internal citations omitted).

The forum's interest in obtaining the efficient administration of this claim overrides any reasonable inconvenience Mr. Trattner may suffer from having to participate in this matter. SONA is a Rhode Island Company. The

complainant and her harasser were both Rhode Island residents at the time the harassment occurred and most of his actions against her occurred in Rhode Island or within the United States. Most if not all of the other Defendants live in Rhode Island. Most if not all of the witnesses will be found here.

Moreover, all of the Defendants are charged with violations of Rhode Island and U.S. law. The State of Rhode Island and the federal government have an undeniable interest in securing the safety and well-being of people employed within this forum and in protecting workers from the offensive and intimidating conduct that Ms. Scarlatelli was subjected to during her employment. Plaintiff's only other recourse against Mr. Trattner should he be dismissed as a Defendant in this matter is to bring a claim against him in his native country, Austria. Even assuming her claims would be recognized under Austrian Law, the cost of doing so, both in terms of litigation costs and in time missed from work, would be prohibitive. Mr. Trattner, on the other hand, regularly travels to Rhode Island and, it may be assumed, will not suffer any financial hardship from participating in this matter (e.g., his attorneys in this matter also represent the corporate Defendants.)

Therefore, the equities involved demonstrate that the just and efficient resolution of this matter must occur in this forum.

2. DEFENDANT'S MOTION MUST BE DENIED BECAUSE THIS COURT MAY EXERCISE GENERAL JURISDICTION OVER MR. TRATTNER

When his contacts with a state are continuous, purposeful and systematic, a nonresident defendant will subject himself to the general jurisdiction of that forum's courts with respect to all claims, regardless of whether they relate to or arise out of the nonresident's contacts with the forum. Rose v. Firstar Bank, 819 A.2d 1247, 1250 (R.I. 2003). Thus, if a nonresident's contacts with a forum are sufficient for general personal jurisdiction to exist, then such a party may be sued in that forum for "causes of action arising from dealings entirely distinct from those activities." Cerberus Partners, L.P. v. Gadsby & Hannah, LLP, 836 A.2d at 1118 (R.I. 2003).

Mr. Trattner's relationship with the three defendant companies is a key issue. Mr. Trattner will argue that he was employed by SOA, a separate company from SONA, that SOA does business in Austria, that he had little knowledge of the events that lead to Plaintiff's Complaint, and that he was powerless to take action even if he had known of them. The facts will show, however, that the relationship between the defendant companies was close enough that they shared the same resources, coordinated their efforts to achieve the same goals and, ultimately, shared the same legal duties toward Plaintiff.

Plaintiff was employed by SONA. Trattner was on the SONA Board of Directors, and was managing director of sales for SOA, the parent company of SONA, and in that capacity he supervised Morey.

The Human Resource supervisor for SONA, Defendant Himsey, was required to report to SOA. (See Plaintiff's Affidavit. Defendant Himsey was actually employed by SONA's sister company SNAL and not by SONA, but SONA employees came under his supervision. Mr. Trattner exercised similar authority over both SONA and SNAL.) Mr. Trattner was often involved in employment and human resource decisions regarding SONA and had knowledge of the decisions made even when he chose not to exercise his authority.

The authority Mr. Trattner exercised over SONA and its employees, his frequent trips to the United States on company business, and his personal involvement in this matter demonstrate that he is subject to the general jurisdiction of the Court.

<u>CONCLUSION</u>

For the forgoing reasons, Plaintiff asks the Court to find that it may exercise jurisdiction over Mr. Trattner in this matter.

***WHEREFORE***, Plaintiff prays that this Honorable Court deny Defendant's Motion to Dismiss.

Plaintiff,

Pamela Scarlatelli,

By Her Attorney,

Joseph R. Daigle (#5429)
GELFUSO & LACHUT
1193 Reservoir Avenue
Cranston, RI 02920
(401) 942-4300

**CERTIFICATION**

I hereby certify that a true copy of the within was served on the following by first class mail and facsimile on this ___ day of April 13 2006:

Patricia Rocha, Esq.
Michael Chittick, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

N:/Clients/Scarlatelli/Federal/Pleadings/opp.2.trattner.dism.
JRD/032806/7