**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAMELA SCARLATELLI | : | |
| | : | |
| v. | : | C.A. No. 06-84-T |
| | : | |
| SWAROVSKI NORTH AMERICA LIMITED, | : | |
| ET AL | : | |

**DEFENDANT WERNER TRATTNER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

DEFENDANT, WERNER TRATTNER
By his attorneys,

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

Defendant Werner Trattner ("Mr. Trattner") submits this reply memorandum in support of his motion to dismiss for lack of personal jurisdiction.[1]

## I. INTRODUCTION

Plaintiff argues that Mr. Trattner is subject to the personal jurisdiction of this Court on the basis of both "specific" and "general" jurisdiction. When Plaintiff's opposition memorandum and supporting affidavit are closely examined, however, it is clear that the allegations on which Plaintiff relies to support jurisdiction are either (1) based on the relationship among three corporate defendant corporations, and are thus irrelevant to the Court's determination of jurisdiction over Mr. Trattner personally, or (2) purely speculative and conclusory as to Mr. Trattner. More specifically, Plaintiff:

(i) admits that she does not know whether or not Mr. Trattner took any action in response to her alleged complaint to him regarding Defendant M. James Morey (*see* Affidavit of Pamela Scarlatelli, ¶8);

(ii) admits that she has no evidence that Mr. Trattner had any part in the alleged efforts of Morey and Defendant Swarovski Optik North America Limited ("SONA") to intimidate her into dropping her claims (Plaintiff's Memorandum "P. Mem." at 6-7);

(iii) admits that she cannot prove Mr. Trattner played any role in her alleged retaliatory termination (P. Mem. at 7); and

(iv) fails to allege that any of her claims regarding Mr. Trattner occurred when he was present in Rhode Island, or were in any way connected to his presence in Rhode Island (*see generally* Complaint, P. Mem. and Plaintiff's Affidavit).

In these circumstances, and as more fully explained below, the requisite minimum contacts necessary for this Court to exercise personal jurisdiction over Mr. Trattner are lacking and his motion to dismiss should be granted.

---

[1] While Mr. Trattner disagrees with many of Plaintiff's factual allegations as set forth in her memorandum of opposition and affidavit, most of the allegations are immaterial to the motion to dismiss. As discussed further herein, even assuming the truth of the Plaintiff's allegations solely for purposes of this motion, Plaintiff has still failed to meet her burden of proving personal jurisdiction over Mr. Trattner.

## II. ARGUMENT

### 1. Plaintiff's conclusory and speculative allegations are insufficient to support the Court's exercise of specific personal jurisdiction over Mr. Trattner.

Plaintiff incorrectly characterizes Mr. Trattner's motion to dismiss as a Rule 12(b)(6) motion, contending that "great specificity" is not required to survive such a motion (*see* P. Mem. at 4). The instant motion, however, is based on Rule 12(b)(2), not Rule 12(b)(6). To survive a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of alleging specific facts demonstrating that her claims are related to the defendant's conduct in the forum state. *See Russell v. Enterprise Rent-A-Car Company of Rhode Island*, 160 F.Supp.2d 239, 249-50 (D.R.I. 2001). Plaintiff may not rest on the allegations contained in her pleadings, and must provide affirmative evidence of the propriety of this Court's jurisdiction over Mr. Trattner. *CVS Corp. v. Taubman Centers, Inc.*, 225 F.Supp.2d 120, 123 (D.R.I. 2002).

Here, Plaintiff has failed to allege sufficient facts to support the Court's exercise of either "specific" or "general" personal jurisdiction over Mr. Trattner. As Plaintiff admits in her Memorandum and Affidavit, her allegations with respect to Mr. Trattner are purely speculative and conclusory. Plaintiff concedes that she "does not know the role Mr. Trattner played in the efforts by Morey and SONA to intimidate her into dropping her claims, nor can she prove at this time that Mr. Trattner ordered her retaliatory firing." (P. Mem. at p. 7) Plaintiff attempts to avoid the Court's dismissal of Mr. Trattner by claiming that it is difficult for her to prove her conspiracy claims without discovery; and she contends that Mr. Trattner should remain a

defendant in this case until she is able to discover the role he may have played in the retaliation she allegedly suffered while employed at SONA.[2]

Plaintiff's contention is without merit. The recent case of *McCabe v. Basham*, No. 05-CV-0073-LRR, 2006 U.S. Dist. Lexis 8976 (N.D. Iowa 2006) is instructive. In *McCabe*, the court refused to exercise personal jurisdiction over two top government officials who allegedly participated in a conspiracy to violate the plaintiffs' constitutional rights. The court held that absent sufficient allegations that the defendants may be subjected to jurisdiction within the forum state, "Plaintiffs' conclusory claims of a conspiracy are insufficient to establish jurisdiction over [the two defendants]." *McCabe*, 2006 U.S. District Lexis 8976, at *19-20. The court further stated:

> Although the Federal Rules of Civil Procedure embrace a liberal notice pleading standard, the law is clear that the court cannot rest a finding of jurisdiction wholly on Plaintiffs' conclusory allegations of a conspiracy. Absent allegations of specific facts connecting [the two defendants] to Iowa, the court cannot assert personal jurisdiction over them.

*Id.* at 20-21 (internal citations omitted).

The same principles apply here. Plaintiff concedes that she has no evidence supporting Mr. Trattner's role, if any, regarding her alleged conspiracy claim; and her purely conclusory and speculative allegations against Mr. Trattner are insufficient to support the Court's exercise of personal jurisdiction over him.[3]

---

[2] It appears that by Plaintiff's own admission, she presently cannot meet the requirements of Rule 11 of the Federal Rules of Civil Procedure to maintain the alleged conspiracy claim against Mr. Trattner under 42 U.S.C. § 1985.

[3] If, during discovery, Plaintiff should obtain evidence to show that Trattner actually participated in the alleged conspiracy to intimidate her or to unlawfully terminate her employment, then she may move for leave to amend her Complaint to seek to add him as a defendant and the Court would have to determine whether personal jurisdiction over Mr. Trattner could be established. At this time, however, it is clear that there is no personal jurisdiction over Mr. Trattner.

**2. Trattner's alleged role as Defendant Morey's "supervisor" is an insufficient basis to establish the Court's personal jurisdiction over him.**

Plaintiff states that Defendant Morey was SONA's President and that he was the highest-ranking employee at the Cranston, Rhode Island-based company. She also makes the seemingly inconsistent claim that Mr. Trattner, although not a SONA employee, was somehow Morey's "supervisor." Then, based on Mr. Trattner's alleged "supervisory" status over Morey, as well as his role as a member of SONA's board of directors, Plaintiff argues that Mr. Trattner is subject to the jurisdiction of the Court. Plaintiff is wrong. As recognized by Rhode Island courts (*see Bapic v. Johnson Matthey Public Ltd. Co.*, 1985 R.I. Super. Lexis 11 (R.I. Super. June 10, 1985) (Israel, J.), as well as by other courts across the county, personal jurisdiction cannot be premised on a defendant's supervisory status or status as a corporate officer or board member. *See McCabe*, 2006 U.S. Dist. Lexis 8976, at *22 (collecting cases) ("Courts across the country have recognized that personal jurisdiction cannot be premised solely on a defendant's supervisory status").

**3. The alleged close relationship among the three corporate defendants is immaterial.**

Plaintiff alleges a close relationship among the three corporate defendants, claiming that "they are in many ways run as one entity." Even assuming, *arguendo*, that Plaintiff's allegations are true solely for purposes of this motion, they are immaterial. Each individual defendant's contacts with the forum state must be examined separately to determine whether that defendant has sufficient minimum contacts to support a finding of jurisdiction, regardless of the individual defendant's status or role in a defendant corporation, and even if that corporation is properly subject to the jurisdiction of the court. Here, there are no contacts to support jurisdiction over Mr. Trattner. *See* Trattner Memorandum at pp. 11-13.

**4. The "gestalt" factors cited by Plaintiff are immaterial here.**

Plaintiff cites the so-called "gestalt" factors which are used to assess the third prong of the specific jurisdictional analysis, that the court's exercise of jurisdiction be reasonable. Here, however, Plaintiff cannot even satisfy the first prong of the three-part specific jurisdiction test. There is nothing contained in her Affidavit or Memorandum that alters this conclusion. Consequently, the "gestalt" factors do not apply. *See Cerberus Partners L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113 (R.I. 2003) ("'[t]he [g]estalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled.'").

**5. Mr. Trattner's alleged "travels to the United States" do not support the Court's exercise of general personal jurisdiction over Trattner.**

Plaintiff asserts in her Affidavit that Mr. Trattner "travels frequently to the United States," and claims that he should be subject to the general personal jurisdiction of the Court on this basis. Mr. Trattner's visits to the "United States," even if they are "frequent," do not provide support for the notion that he is subject to this Court's jurisdiction in Rhode Island. The relevant factor is the frequency and extent of Mr. Trattner's *visits to Rhode Island.* Nothing in what Plaintiff has offered contradicts Mr. Trattner's affidavit with respect to the nature and extent of his visits to Rhode Island since 2000. If anything, Plaintiff's papers highlight the weakness of her assertion that Mr. Trattner should be subject to the general jurisdiction of this Court. Mr. Trattner does not have sufficient contacts with Rhode Island to warrant this Court's exercise of general personal jurisdiction over him.

DEFENDANT, WERNER TRATTNER
By his attorneys,

Pat K Roch

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: 5/1/06

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2006, I served a true copy of the within via first class mail, postage prepaid, on Alan P. Gelfuso, Esq. and Joseph R. Daigle, Esq., Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920.

Debra Hunn

*380040_1.doc*