**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PAMELA SCARLATELLI :
:
v. : C.A. No. 06-84-T
:
SWAROVSKI NORTH AMERICA LIMITED; :
ET AL. :

**DEFENDANT WERNER TRATTNER'S OBJECTION TO REPORT AND RECOMMENDATION**

Defendant Werner Trattner, pursuant to Fed.R.Civ.P. 72(b) and LR Cv. 72, hereby objects to United States Magistrate Judge Lincoln D. Almond's Report and Recommendation dated June 26, 2006 recommending that Mr. Trattner's Motion to Dismiss for Lack of Personal Jurisdiction be denied. In support thereof, Mr. Trattner relies upon his Memorandum of Law filed contemporaneously herewith.

DEFENDANT, WERNER TRATTNER
By his attorneys,

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: 7/11/06

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2006, I served a true copy of the within via first class mail, postage prepaid, on Alan P. Gelfuso, Esq. and Joseph R. Daigle, Esq., Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920.

_______________________________

*386846_1.doc*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAMELA SCARLATELLI | : | |
| | : | |
| v. | : | C.A. No. 06-84-T |
| | : | |
| SWAROVSKI NORTH AMERICA LIMITED; ET AL. | : | |

**DEFENDANT WERNER TRATTNER'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(b) and LR Cv. 72, Defendant Werner Trattner ("Mr. Trattner") submits this memorandum of law in support of his objection to Magistrate Judge Lincoln D. Almond's Report and Recommendation regarding Mr. Trattner's Motion to Dismiss for Lack of Personal Jurisdiction. In addition to the grounds raised in Mr. Trattner's Memorandum of Law in Support of His Motion to Dismiss, his Affidavit and his Reply Memorandum of Law in this matter, Mr. Trattner objects to the Report and Recommendation on the basis that contrary to the findings and analysis contained therein, Mr. Trattner may not be subject to the specific jurisdiction of this Court by virtue of his alleged *failure to act*; rather, in order for Mr. Trattner to be haled into court in Rhode Island, he must have taken some purposeful, affirmative action within the state that supports specific jurisdiction. There is no such evidence presented, alleged or argued by the Plaintiff.

INTRODUCTION

Plaintiff Pamela Scarlatelli filed a 27-page, eight-count Complaint against Defendants in Rhode Island Superior Court that was timely removed to this Court in February 2006. Although Plaintiff's allegations of unlawful conduct by Defendants are numerous and span a five-year

period beginning in 2000, Mr. Trattner is only mentioned in a total of three paragraphs in the Complaint. *See* Complaint, ¶¶ 14, 16 and 32; Trattner Aff., ¶ 12.

On March 20, 2006, Mr. Trattner timely filed a Motion to Dismiss Plaintiff's Complaint against him on the basis of lack of personal jurisdiction. Mr. Trattner filed his Motion to Dismiss based on his lack of contacts with Rhode Island. Significantly, none of Plaintiff's allegations with respect to Mr. Trattner relates to his activities within Rhode Island. Rather, the allegations on which Plaintiff relies to support jurisdiction over Mr. Trattner are either (1) based on the relationship among the three corporate defendant corporations, and are thus irrelevant to the Court's determination of jurisdiction over Mr. Trattner personally, or (2) purely speculative and conclusory as to Mr. Trattner. In her Opposition Memorandum and Affidavit, Plaintiff:

> (i) admits that she does not know whether or not Mr. Trattner took any action in response to her alleged complaint to him regarding Defendant M. James Morey (*see* Affidavit of Pamela Scarlatelli, ¶8);
>
> (ii) admits that she has no evidence that Mr. Trattner had any part in the alleged efforts of Morey and Defendant Swarovski Optik North America Limited ("SONA") to intimidate her into dropping her claims (Plaintiff's Memorandum "P. Mem." at 6-7);[1]
>
> (iii) admits that she cannot prove Mr. Trattner played any role in her alleged retaliatory termination (P. Mem. at 7); and
>
> (iv) fails to allege that any of her claims regarding Mr. Trattner occurred when he was present in Rhode Island, or were in any way connected to his presence in Rhode Island (*see generally* Complaint, P. Mem. and Plaintiff's Affidavit).

Moreover, at oral argument in this matter, Plaintiff's counsel acknowledged that the foundation of her inclusion of Mr. Trattner as a defendant in this matter– her alleged communication to him regarding alleged harassment by Defendant Morey – occurred in Austria, not Rhode Island.

---

[1] In his Report and Recommendation at page 8, Magistrate Judge Almond acknowledges that Mr. Trattner "argues convincingly that Plaintiff fails to state sufficient factual allegations to establish specific jurisdiction arising out of the conspiracy claims;" however, he concludes that such failure is not dispositive of the issue of personal jurisdiction.

Nevertheless, in the Report and Recommendation, Magistrate Judge Almond recommended that this Court assert specific jurisdiction over Mr. Trattner based not on any of his activities within Rhode Island, but rather on his alleged failure to take action in Rhode Island in response to Plaintiff's purported complaint of sexual harassment.

ARGUMENT

In the Report and Recommendation, Magistrate Judge Almond correctly noted the weakness of Plaintiff's argument that Mr. Trattner is subject to the general jurisdiction of this Court, and declined to decide the exercise of jurisdiction over Mr. Trattner on that basis. However, Magistrate Judge Almond did find that Mr. Trattner has sufficient minimum contacts within Rhode Island to establish this Court's specific jurisdiction over him.

Mr. Trattner respectfully submits that the specific jurisdiction analysis applied by Magistrate Judge Almond in the Report and Recommendation is flawed. With respect to the first prong of the three-pronged specific jurisdiction analysis – whether the underlying claim directly arises out of or relates to the defendant's forum state activities – Magistrate Judge Almond initially, and incorrectly, focused on Mr. Trattner's visits to Rhode Island in his official capacities as Managing Director of Sales for Swarovksi Optik Austria ("SOA") and as a member of the board of directors of Swarovski Optik North America ("SONA"). Mr. Trattner's official business visits to Rhode Island are irrelevant to the specific jurisdiction analysis because Plaintiff's underlying claims admittedly do not in any way arise out of or relate to any of those visits.

Despite the fact that none of Plaintiff's claims arise out of or relate to Mr. Trattner's visits to Rhode Island, Magistrate Judge Almond nevertheless found that the "relatedness" prong of the specific jurisdiction analysis was satisfied by Mr. Trattner's alleged failure to take any

action to investigate or to remedy Plaintiff's alleged sexual harassment claim during his visits to Rhode Island subsequent to the time that he was allegedly put on notice of such claim. A nonresident defendant's failure to act, however, is insufficient to confer specific jurisdiction in the forum state. *See, e.g., Chlebda v. H.E. Fortina and Brother, Inc.*, 609 F.2d 1022, 1023-24 (1st Cir. 1979) (holding that failure to act cannot furnish minimum contact with forum state that is needed to confer personal jurisdiction); *Witt v. Scully*, 539 F.2d 950, 952-53 (3rd Cir. 1976) (a nonresident director's failure to act is insufficient to confer personal jurisdiction); *Moran v. Metropolitan Dist. Council of Philadelphia and Vicinity*, 640 F. Supp. 430, 435 (E.D. Pa. 1986) (officers' limited activity in the forum state and their alleged failure to act to prevent tortious harm within the forum state do not provide a sufficient basis to confer personal jurisdiction over them); *Lynch v. Rank*, 639 F.Supp. 69, 74 (N.D. Cal. 1985) ("Especially where the concerted activity alleged is mere failure to act ... courts must be careful not to resort to fictional conspiracies to find personal jurisdiction."); *MFS Series Trust III v. Grainger*, 96 P.3d 927, 934 (Utah 2004) (quoting *Schlatter v. Mo-Comm Futures, Ltd.*, 233 Kan. 324, 332, 662 P.2d 553 (Kan. 1983) ("something more than a failure to act on the part of a nonresident director" is required to confer specific personal jurisdiction); *Brocail v. Anderson*, 132 S.W.3d 552, 564 (Tex. App. Ct. 2004) (citing *Vogel v. Bellows-Blakely*, 1999 Tex. App. Lexis 3350, 1999 WL 270330, *6 (Tex. App. Ct. 1999) (holding that a failure to act does not constitute an affirmative act required for the assertion of specific jurisdiction). Accordingly, given the absence of any affirmative action by Mr. Trattner in Rhode Island that is in any way related to Plaintiff's claims, this Court's exercise of specific instruction over him in this matter would be erroneous.

The second prong of the specific jurisdiction test is whether the defendant has purposefully availed himself of activity within the forum state that would make the exercise of

jurisdiction fair, just or reasonable. Magistrate Judge Almond concluded that Mr. Trattner's alleged failure to act in response to Plaintiff's sexual harassment claim could constitute the necessary purposeful availment.[2] Again, Mr. Trattner respectfully submits that Magistrate Judge Almond's analysis and conclusion in this regard are erroneous. As Magistrate Judge Almond noted in the Report and Recommendation, the purposeful availment requirement "depends upon the extent to which the defendants *took action* that made it foreseeable they might be required to defend themselves in court in [the forum state]." (emphasis added) *PFIP, LLC v. Planet Fitness Enter., Inc.*, No. 04-250-JD, 2004 WL 2538489, at *7 (D.N.H. Nov. 10, 2004) (citing *Jet Wine & Spirits, Inc. v. Bacardi & Co.*, 298 F.3d 1, 11 (1st Cir. 2002)). Stated another way, courts properly exercise specific personal jurisdiction only "where the contacts proximately result from *actions by the defendant himself* that create a 'substantial connection' with the forum state." (emphasis added). *MFS Series Trust III*, 96 P.3d at 931 (Utah 2004) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987)).

Here, Mr. Trattner allegedly took no action at all; and it is on the basis of his alleged failure to act that Magistrate Judge Almond found that Mr. Trattner had purposefully availed himself to the jurisdiction of this Court. However, as other courts have observed, "it is difficult to see how a failure to act could meet the purposeful availment requirement needed to establish personal jurisdiction." *Anderson v. Bechtle*, No. 01-00-00593-CV, 2001 Tex. App. Lexis 5549, at *5 (Tex. App. Ct., Aug. 16, 2001) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

---

[2] Magistrate Judge Almond also noted that Trattner serves as a director of a Rhode Island corporation with a business address in this state. However, the courts have held that something more than being the director of a forum-based company is necessary to establish personal jurisdiction. *See* Mr. Trattner's Memorandum of Law in Support of his Motion to Dismiss at page 11. Moreover, it is also uncontradicted that Mr. Trattner's business and personal residence is in Austria. *See* Mr. Trattner's Affidavit at paragraphs 2 and 4.

As in the instant case, the issue in *Moran* was whether a corporation's nonresident officers' alleged failure to take action to prevent what the plaintiff perceived as unlawful employment actions against him was sufficient to confer personal jurisdiction over the nonresident officers. The federal district court for the Eastern District of Pennsylvania answered this question in the negative. *Moran*, 640 F.Supp. at 434-35. Although the court acknowledged that inaction can cause tortious harm just as affirmative action can, it found that "a failure to act presents a less convincing case of purposefully availing oneself of the privilege of conducting activity in the state than an affirmative act with specific foreseeable harm." *Id.* at 434. While the officer defendants in *Moran* did meet with the plaintiff in the forum state to discuss the plaintiff's allegations and related concerns, the court viewed that meeting as being "only tangentially connected with plaintiff's cause of action against [them]." *Id.* at 434-35. Emphasizing that the plaintiff's claims against defendants were that "they are liable for failing to prevent others from harming him, not for any particular action they took while they were in [the forum state]," the court granted the defendants' motion to dismiss for lack of personal jurisdiction. *Id.* at 435.

The circumstances at issue here are even weaker than those presented in *Moran*. Like the nonresident corporate officers in *Moran*, Mr. Trattner here is not accused of taking any specific action in the forum state that caused tortious harm to Plaintiff, but rather is accused of failing to take action to prevent or eliminate tortious harm. Moreover, unlike *Moran*, here there is not even any allegation that Mr. Trattner met with Plaintiff in Rhode Island to discuss her allegations. In fact, Plaintiff's counsel conceded that there was no such meeting in Rhode Island.

Although Mr. Trattner's alleged inaction in response to Plaintiff's complaint of alleged sexual harassment may potentially be relevant to the substantive determination of liability under

Title VII of the Civil Rights Act of 1964 and corresponding state law, the question of liability cannot and should not be confused with the initial question of personal jurisdiction. Mr. Trattner respectfully submits, however, that Magistrate Judge Almond erred in the Report and Recommendation by apparently combining the initial jurisdictional analysis with that required for a determination of liability, if jurisdiction were otherwise established. As a result, Mr. Trattner submits that Magistrate Judge Almond incorrectly concluded that he is subject to the specific jurisdiction of this Court.

Finally, because Plaintiff has failed to meet the first two prongs of the specific jurisdiction test as described above, the Court need not even address the third prong, the so-called "Gestalt" factors. *See Cerberus Partners L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113 (R.I. 2003).

CONCLUSION

Contrary to the findings and recommendations contained in the Report and Recommendation, Plaintiff has failed to meet her burden of establishing a *prima facie case* that this Court has jurisdiction over Mr. Trattner. This is so because an alleged failure to act within the forum state, as opposed to purposeful affirmative action there, is insufficient to establish the necessary minimum contact to support an exercise of specific personal jurisdiction. Accordingly, for all of the foregoing reasons, as well as those set forth in Mr. Trattner's initial Memorandum of Law and Reply Memorandum, this Court should grant Mr. Trattner's Motion to Dismiss for Lack of Personal Jurisdiction.

DEFENDANT, WERNER TRATTNER
By his attorneys,

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: 7/11/06

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2006, I served a true copy of the within via first class mail, postage prepaid, on Alan P. Gelfuso, Esq. and Joseph R. Daigle, Esq., Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920.

*386820_1.doc*